UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STEVEN A. STEWART, ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:16-cr-0046-GMN-PAL <br><br> **ORDER** |

Pending before the Court is Defendant Steven A. Stewart's ("Defendant's") Objection (ECF No. 658) to Magistrate Judge Peggy A. Leen's Order (ECF No. 637) denying Defendant's Motion for Bill of Particulars (ECF No. 551). The Government filed a Response to Defendant's Objection. (ECF No. 671).

## I.  BACKGROUND

On March 2, 2016, a federal grand jury sitting in the District of Nevada returned a Superseding Indictment charging Defendant with eleven counts[1] related to a confrontation with Bureau of Land Management (BLM) Officers in Bunkerville, Nevada, on April 12, 2014. (Superseding Indictment, ECF No. 27). The Superseding Indictment is 63 pages, including seventeen paragraphs describing the "Roles of the Conspirators" (*id.* ¶¶ 60–76), seventy-seven paragraphs describing the "Overt Acts in Furtherance of the Conspiracy" (*id.* ¶¶ 77–153), and thirty-three paragraphs describing the sixteen counts (*id.* ¶¶ 154–86). Defendant, along with several co-defendants, filed Motions for Bill of Particulars, which requested further factual specification underlying the charges in the Superseding Indictment. (*See* ECF Nos. 376, 448, 485, 551). Defendant's Motion included twenty-five requests for "factual basis and

---

[1] The Superseding Indictment also charges eighteen other co-defendants and includes a total of sixteen counts, but Defendant is only charged in eleven of the counts. (*See* Superseding Indictment, ECF No. 27).

particulars." (Mot. for Bill of Particulars 3:12–5:27, ECF No. 551). On August 18, 2016, Judge Leen filed an Order denying the Motions for Bill of Particulars, concluding that the Superseding Indictment "sufficiently informs [d]efendants of the nature of the charges to allow them to prepare a defense, avoid any unfair surprise at trial, and plead double jeopardy in any subsequent prosecution." (Order on Mots. for Bill of Particulars 14:14–16, ECF No. 637). On September 1, 2016, Defendant timely filed the instant Objection. (ECF No. 658).

## II.  LEGAL STANDARD

When reviewing the order of a magistrate judge, a district judge should only set aside the order if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Nev. R. IB 3-1(a). A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See Burdick v. Comm'r IRS,* 979 F.2d 1369, 1370 (9th Cir. 1992). When reviewing the order, however, the magistrate judge "is afforded broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell,* 245 F.R.D. 443, 446 (C.D. Cal. 2007) (citation omitted). The district judge "may not simply substitute its judgment" for that of the magistrate judge. *Grimes v. City & Cty. of San Francisco,* 951 F.2d 236, 241 (9th Cir. 1991).

## III.  DISCUSSION

Defendant's Objection predominantly mirrors his original Motion. (*Compare* ECF No. 551 *with* ECF No. 658). As to his specific objections to Judge Leen's Order, Defendant asserts that Judge Leen "erred in denying [Defendant's] Motion by overstating his request to include *all* overt acts." (Obj. 5:26–27, ECF No. 658). He explains that he only wants particulars on the overt acts that pertain to him. (*Id.* 5:19–22). Defendant also argues that Judge Leen's Order only analyzed his requests as to the conspiracy-related acts, but he also seeks more particulars on the non-conspiracy counts. (*Id.* 6:1–5). He contends that he will face "prejudicial surprise"

at trial without further particularity. (*Id.* 6:6–12).  Finally, he argues that Judge Leen "erred in denying the request for particulars regarding forfeiture." (*Id.* 6:13–14).

Federal Rule of Criminal Procedure ("Rule") 7 states in pertinent part: "The court may direct the government to file a bill of particulars." Fed. R. Crim. P. 7(f).  The purposes for a bill of particulars are:

> [1] to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, [2] to avoid or minimize the danger of surprise at the time of trial, and [3] to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).  "To the extent that the indictment or information itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary." *Id.* (citation omitted).  Further, "full discovery also obviates the need for a bill of particulars." *Id.* (quoting *United States v. Clay*, 476 F.2d 1211, 1215 (9th Cir. 1973)).

Here, the Court finds that Judge Leen's Order is not clearly erroneous or contrary to law.  Defendant fails to provide legal support for his assertions that he should receive further particulars about his specific overt acts and the non-conspiracy charges. (*See* Obj. 5:19–6:5).  The Court agrees with Judge Leen that the Superseding Indictment names Defendant as a "gunman" (Superseding Indictment ¶ 71), and then proceeds to use that term throughout the allegations describing the overt acts (*see, e.g.*, *id.* ¶¶ 126, 128, 139, 140).  Additionally, Defendant argues that the "bill of particulars sought will isolate and identify the relevant evidentiary details buried in the mountain of discovery in this case so as to avoid trial-surprise." (Obj. 5:17–18).  However, the extensive discovery provided, along with an index, undermines Defendant's claim to a bill of particulars. *See Giese*, 597 F.2d at 1180.  "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *United States v. Grace*, 401 F. Supp. 2d 1103, 1107 (D. Mont. 2005) (quoting *United States v. Kendall,* 665 F.2d 126, 135 (7th Cir. 1981)).  As such, the Court finds

that Judge Leen did not clearly err in determining that Defendant was not entitled to the requested evidentiary details.

As to Defendant's last objection regarding forfeiture, Judge Leen correctly quoted Rule 32.2(a): "The indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks." (Order on Mots. for Bill of Particulars 12:28–13:4). The Court is not persuaded to the contrary by the Sixth Circuit Court of Appeals case cited by Defendant in his Objection. (*See* Obj. 6:13–17). Indeed, Rule 32.2(b) specifically states that forfeiture determinations are made "*after* a verdict or finding of guilty." Fed. R. Crim. P. 32.2(b)(1)(A) (emphasis added). Then, "the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense." *Id.* As such, the Court finds that Judge Leen did not clearly err in denying Defendant's request for particulars regarding forfeiture.

Accordingly, upon review of the evidence presented to Judge Leen, her findings, and the parties' briefing, the Court finds that Judge Leen did not clearly err in denying Defendant's Motion for a Bill of Particulars, and Defendant's Objection is overruled.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Objection (ECF No. 658) is **OVERRULED**.

**DATED** this   15   day of December, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court